FILED
CLERK, U.S. DISTRICT COURT

06/22/16

CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANN DEVERY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-08503-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Deborah Devery ("Plaintiff") challenges the Commissioner's denial of her applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

## II. PROCEEDINGS BELOW

On September 13, 2012, Plaintiff applied for DBI and SSI alleging disability beginning June 15, 2010 (her alleged onset date ("AOD")). (Administrative Record ("AR") 181-97). Her applications were denied initially on March 5, 2013, and

upon reconsideration on September 27, 2013. (AR 55-106.) On October 16, 2013, Plaintiff filed a written request for hearing, and a hearing was held on April 30, 2014. (AR 34-54, 124-25.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 34-54.) On August 28, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from the AOD through the decision date. (AR 28.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1-4.) Plaintiff filed this action on October 30, 2015. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the AOD. (AR 11.) At **step two**, the ALJ found that from the AOD to December 31, 2012, Plaintiff has the medically determinable impairments of dysthymia; and left thumb and left elbow pain, but she does not have a severe impairment. (AR 12.) From January 1, 2013 to the present, Plaintiff has the following severe impairments: arthralgia; chronic obstructive pulmonary disease (COPD); depressive disorder, not otherwise specified (NOS); and anxiety disorder. (AR 15.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

> [P]erform medium work . . . . [S]he can lift and carry no more than 50 pounds occasionally and 25 pounds frequently; she has unlimited sitting abilities; she can stand and walk six hours total in an eight-hour workday and must be able to alternate sitting and standing briefly every two hours with normal breaks. She would also have non-exertional mental limitations as follows: she can understand and remember simple routine tasks; carry out short and simple instructions; make judgments and decisions consistent with simple routine duties; she can carry out detailed instructions on an occasional basis; and she would have a little difficulty in reacting and responding to supervisors, co-workers, and the public – limited to occasional contact with those individuals.

(AR 20.)

At **step four**, based on Plaintiff's RFC and the VE's testimony, the ALJ found that Plaintiff is capable of performing past relevant work as a Cleaner, Commercial or Institutional, and Tow-Truck Operator (driver). (AR 27.) Accordingly, the ALJ did not proceed to **step five**, and instead, found that Plaintiff has not been under a disability from the AOD through the date of the ALJ's decision. (AR 28.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) failed to properly consider the opinion of consultative examiner Khushro Unwalla, M.D., Board Certified Psychiatrist; and (2) failed to properly assess Plaintiff's RFC and erred in posing an incomplete hypothetical to the VE. (Memorandum in Support of Plaintiff's Complaint ("Pl. Memo.") at 2-8, Dkt. No. 16.) The Commissioner contends that the ALJ: (1) properly gave less weight to Dr. Unwalla's opinion; and (2) properly assessed Plaintiff's RFC and posed a complete hypothetical to the VE. (Memorandum in Support of Defendant's Answer ("Def. Memo.") at 2-6, Dkt. No. 18.) For the reasons below, the Court agrees with Plaintiff on the first issue.

### A. The ALJ Erred In Considering Dr. Unwalla's Opinion

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, "for implicitly rejecting [Dr. Unwalla's] opinion that Plaintiff would have moderate limitations performing detailed and complex tasks; would have moderate difficulties to be able to perform work activities on a

4

consistent basis without special or additional supervision; would have moderate limitations completing a normal workday or workweek due to her mental condition; would have moderate limitations accepting instructions from supervisors and interacting with coworkers and with the public; and would have moderate difficulties to be able to handle the usual stresses, changes, and demands of gainful employment." (Pl. Memo. at 4-5.) The Commissioner argues that the ALJ "properly evaluated the opinion of [Dr. Unwalla]" and "permissibly gave more weight to Dr. Griffin's opinion because it was supported by the record." (Def. Memo. at 2-3.)

### 1. *Dr. Unwalla's Opinion*

Dr. Unwalla performed a complete psychiatric evaluation of Plaintiff on February 18, 2013, and submitted a report. (AR 354.) In the report, Dr. Unwalla noted that there were no medical records available for his review. (*Id.*) He briefly summarized Plaintiff's medical history. (AR 354-55.) He noted that Plaintiff's history includes adequate self-care skills of dressing, bathing, eating, toileting, and safety precautions. (AR 356.) Plaintiff cooks at times and manages her own money. (*Id.*) She has no hobbies or pastimes. (*Id.*) Her method of transportation is by bus or foot, and she can go places by herself. (*Id.*) She describes her relationship with her family as "[p]roblematic." (*Id.*) Dr. Unwalla then proceeded to summarize his examination findings. (*See* AR 356-56.)

Dr. Unwalla noted that Plaintiff had some psychomotor agitation and was tearful and crying loudly during the evaluation. (AR 356.) She was cooperative, but was distressed and disheveled. (*Id.*) She made poor eye contact, but she was able to establish rapport with him. (*Id.*) Her psychomotor activity was determined to be within normal limits, with no evidence of involuntary movements. (*Id.*) Dr. Unwalla found Plaintiff's speech slowed and soft. (*Id.*) Her mood was described as depressed, anxious, and tearful. (*Id.*) Her affect was appropriate, reactive, and congruent with mood. (*Id.*) Her thought processes were confused and

disorganized, and she endorsed intrusive thoughts of self-harm. (*Id.*) Plaintiff was unable to state the date, and was unable to state when Valentine's Day was. (*Id.*) She was able to register 3 out of 3 items at 0 minutes and 2 out of 3 items at 5 minutes. (*Id.*) She was unable to do serial sevens, threes or twos, and her concentration was described as "poor." (*Id.*) She was unable to spell any five-letter words forward or backward, and cried loudly and stated she could not do it when she was encouraged. (*Id.*) She was unable to state the similarities between an apple and an orange. (*Id.*) She was able to analyze the meaning of simple proverbs, but when asked what the proverb "Two heads are better than one" means, she answered "very tangentially." (*Id.*) She was able to name the current President of the United States, but was unable to list previous presidents or identify the capital of the United States or of California. (*Id.*) Her insight and judgment were described as "impaired." (AR 357.)

Dr. Unwalla diagnosed Plaintiff with Major Depressive Disorder with Psychotic Features, and assigned a GAF score of 56.[2] (*Id.*) He opined as follows:

> [Plaintiff] exhibits moderate difficulty interacting with the clinic staff or myself. She has moderate difficulty maintaining composure and even temperament. She has moderate difficulties in maintaining social functioning. She has moderate difficulties focusing and maintaining attention. She has moderate difficulties in concentration, persistence and pace. The level of personal independence is poor. She is intellectually and psychologically incapable of performing activities of

---

[2] A GAF (Global Functioning Assessment) score is the clinician's judgment of the individual's overall functioning level. It is rated with respect only to psychological, social, and occupational functioning, without regard to functional impairments due to physical or environmental limitations. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV"), at 32 (4th ed. 2000). A GAF score of 56 indicates moderate symptoms (occasional panic attacks) or moderate difficulty in social, occupational, or school functioning. *Id.* at 34.

6

> daily living (ADLs). She needs help and assistance from her family.
>
> Based on the objective findings presented during this interview, [Plaintiff] would have mild limitations performing simple and repetitive tasks and moderate limitations performing detailed and complex tasks. [Plaintiff] would have moderate difficulties to be able to perform work activities on a consistent basis without special or additional supervision. [Plaintiff] would have moderate limitations completing a normal workday or work week due to [her] mental condition. [Plaintiff] would have moderate limitations accepting instructions from supervisor and interacting with coworkers and with the public. She would have moderate difficulties to be able to handle the usual stresses, changes and demands of gainful employment.
>
> [Plaintiff] is adhering and responding well to treatment. Her medications are controlling her symptoms at this time.

(*Id.*) Dr. Unwalla did not translate these limitations into a RFC assessment.

### 2. *Dr. Griffin's Opinion*

At the hearing, Dr. Griffin, an impartial medical expert who is a licensed clinical psychologist, opined that Plaintiff has suffered from major depressive disorder, anxiety disorder, and post-traumatic stress disorder that were "relatively short-lived." (AR 42.) He noted that the record indicated that Plaintiff complained of psychiatric difficulties in July 2010, her psychiatric record "begins substantially in February 2013," and her psychiatric symptoms were "relatively ameliorated, or largely in remission" by October 2013 or earlier. (AR 42-43.) Dr. Griffin opined that between February and October 2013, Plaintiff had mild restrictions in activities of daily living, moderate difficulty in social functioning, moderate difficulty in concentration, persistence and pace, and no episodes of decompensation. (AR 43.) She would be limited to occasional contact with peers, coworkers, supervisors, and

the general public. (*Id.*) She would be unrestricted in terms of simple, repetitive work, but could occasionally do detailed or complex work. (AR 43-44.)

### 3. Pertinent Law

An ALJ is obligated to consider medical opinions of record, resolve conflicts, and analyze evidence. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989); 20 C.F.R. §§ 404.1527(c), 416.927(c). Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). When an examining physician's opinion is contradicted by another opinion, the ALJ can reject the examining physician's opinion, in whole or in part, by providing specific and legitimate reasons supported by substantial evidence in the record. *See Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). Standing alone, the opinion of a non-examining physician cannot constitute substantial evidence justifying the rejection of an examining physician's opinion. *Lester*, 81 F.3d at 831. A non-examining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record and is consistent with it. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted).

### 4. Discussion

The ALJ specifically noted the moderate limitations opined by Dr. Unwalla and gave Dr. Unwalla's opinion significant weight "because he examined [Plaintiff], he is a board certified psychiatrist, he is familiar with the Social Security Administration's precise disability guidelines, and his opinion is consistent with the medical evidence record as a whole, which shows conservative, routine treatment with medications and improvement with medications." (AR 23.) The ALJ gave great weight to Dr. Griffin's opinion for similar reasons: "his opinion is consistent with the medical record as a whole, which shows infrequent, conservative, routine

treatment with medications and documents that [Plaintiff] is improving and her condition is stable." (*Id.*) However, the ALJ gave Dr. Unwalla's opinion less weight than Dr. Griffin's opinion presumably "because Dr. Griffin is an impartial medical expert and he reviewed the entire medical record and listened to testimony." (*Id.*) Although the ALJ specifically noted moderate limitations opined by Dr. Unwalla regarding Plaintiff's moderate difficulties in performing work activities on a consistent basis without special or additional supervision; moderate limitations in completing a normal workday or work week; and moderate difficulties in handling the usual stresses, changes, and demands of gainful employment, these moderate limitations were not included in the RFC. (AR 20, 23.) Therefore, as Plaintiff argues, the ALJ implicitly rejected these moderate limitations. (Pl. Memo. at 4.)

The Commissioner argues that the ALJ permissibly gave more weight to Dr. Griffin's opinion because it was supported by the record as a whole. (Def. Memo. at 3.) While the opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record, *see Morgan,* 169 F.3d at 600, here, the ALJ found both Dr. Unwalla's and Dr. Griffin's opinions consistent with the medical evidence as a whole, and she did not explicitly explain why she rejected the moderate limitations opined by Dr. Unwalla. (AR 23.) Accordingly, the ALJ erred by not providing specific and legitimate reasons, supported by substantial evidence, for implicitly rejecting significant portions of Dr. Unwalla's opinion. *See Bain v. Astrue,* 319 F. App'x 543, 545-46 (9th Cir. 2009) (finding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite crediting the limitations in the decision); *Jackson v. Colvin*, 2014 WL 562240, at *2 (C.D. Cal. Feb. 11, 2014) (finding ALJ erred in failing to explain why RFC assessment did not adopt certain moderate limitations opined by the consultative examining psychiatrist); *Jackson v. Colvin*, 2013 WL 1873148, at *5 (C.D. Cal. May 2, 2013)

(finding ALJ erred in failing to proffer any reason for failing to explain the rejection of consultative psychiatrist's opinion that claimant would have mild to moderate limitations with respect to handling normal stresses at work); *see also* SSR 85-15, 1985 WL 56857, at *5-6 (Jan. 1, 1985) (emphasizing that mentally impaired people often "have difficulty accommodating to the demands of work and work-like settings" and thus "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment").

The Commissioner's argument that any error is harmless because moderate limitations are not disabling is rejected.[3] (Def. Memo. at 4.) *See Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1995) (holding failure to consider "moderate limitations" on the non-exertional functioning of a disability claimant required remand). In addition, the cases on which the Commissioner relies are distinguishable because they concern whether it was harmless error that the ALJ failed to address moderate limitations in social functioning and adaptation where the RFC included a limitation to simple, repetitive tasks. (Def. Memo. at 4) (citing *Stenson v. Astrue*, 2012 WL 1154400, at *8 (S.D. Cal. 2012); *McLain v. Astrue*, 2011 WL 2174895 (C.D. Cal. June 3, 2011)). In contrast, Dr. Unwalla's opinion was not limited to moderate limitations in social functioning and adaptation. (AR 357.) Given that the vocational expert did not testify that a hypothetical person with Plaintiff's RFC could work with moderate difficulties in performing work activities on a consistent basis without special or additional supervision; moderate limitations in completing a normal workday or work week; and moderate difficulties in handling the usual stresses, changes, and demands of gainful

---

[3] The Commissioner also argues that "[a]n ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence." (Def. Memo. at 2.) However, the ALJ did not provide this reason in rejecting a portion of Dr. Unwalla's opinion, and the Court cannot entertain post hoc rationalizations. *See, e.g.*, *Orn*, 495 F.3d at 630.

10

employment, the Court cannot determine whether the ALJ's error in failing to discuss the reasons she rejected these limitations was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (citations and quotations omitted); *see also Thompson v. Astrue,* 2012 WL 4513724, at *4 (C.D. Cal. Oct. 2, 2012) (holding ALJ's error in failing to discuss consultative psychiatrist's opinions regarding mild to moderate limitations completing complex tasks, handling normal stresses at work, and completing a normal work week without interruption not harmless where RFC was limited to moderately complex tasks up to four to five steps).

### B. The Court Declines To Address Plaintiff's Remaining Argument

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ erred in the RFC assessment and failed to pose a complete hypothetical to the VE. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue,* 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully

developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. On remand, the ALJ shall reconsider the opinion of Dr. Unwalla regarding plaintiff's moderate limitations, and either credit his opinion or provide specific and legitimate reasons supported by substantial evidence for rejecting it. The ALJ shall reassess Plaintiff's RFC, considering the entirety of Dr. Unwalla's opinion. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

## V.  CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 22, 2016

/s/ Rozella A. Oliver
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**